

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

November 21, 1962

Honorable H. D. Dodgen
Executive Secretary
Game & Fish Commission
Austin, Texas

Dear Mr. Dodgen:

Opinion No. WW-1480

Re: Whether business firms which pur-
chase shrimp directly from shrimp
boats and then sell the shrimp
to wholesale dealers are required
to have a wholesale fish dealer's
license administered by the Game
& Fish Commission.

You have requested the opinion of this department on the
above stated question, based upon the following statement of facts:

"  . . .

"It has been brought to our attention that some
business firms are purchasing shrimp from commercial
fishermen directly from the shrimp boats and selling
shrimp exclusively to other wholesale dealers. It
is earnestly contended by the firms so described that
absolutely no shrimp are sold by them other than to
wholesale dealers.

"  . . .  "

Also, in a supplemental letter of November 7, 1962, describ-
ing the activities of the firms in question, Mr. John E. Leonarz,
Law Enforcement Coordinator for the Commission, further explained
the business operation here questioned in the following language:

"  . . .

"The financial arrangements involved are simply
that as the catch is weighed, the fisherman receives
a check from the firm in question, and the firm re-
sells to the wholesaler.

"  . . .  "

A search of applicable statutes which would authorize the
Commission to license such a firm reveals that the activities of the
firms in question must be such that they fall either within the defin-

ition of "Wholesale Fish Dealer" or a "Shrimp House Operator."

Section 1(b) of Article 934a, Vernon's Penal Code, provides:

> ". . .
>
> "A 'Wholesale Fish Dealer' is any person engaged in the business of buying for the purpose of selling, canning, preserving or processing, or buying for the purpose of handling for shipments or sale, fish or oysters or shrimp or other commercial edible aquatic products, to Retail Fish Dealers, and/or to Hotels, Restaurants, or Cafes and to the Consumer. (Emphasis added)
>
> ". . ."

Section 3(g) of Article 4075b, Vernon's Civil Statutes, provides:

> ". . .
>
> "A 'Shrimp House Operator' as used herein, means any person other than a 'Wholesale Fish Dealer' as that term is defined by Section 1(b) of Chapter 29, Forty-third Legislature of Texas, First Called Session, 1933, who operates a shrimp house, plant, or other establishment for pay for the purpose of unloading and handling from Commercial Gulf Shrimp Boats or Commercial Bay-Bait Shrimp Boats, fresh shrimp caught or taken from the coastal waters of this State, or from salt waters outside of this State and brought into this State without having been previously unloaded in some other State or foreign country. (Emphasis added)
>
> ". . ."

It is the opinion of this department that if the activities of the firms in question do not fall within the above statutory definitions of a "Wholesale Fish Dealer" or a "Shrimp House Operator," there are no other statutes under which the Commission is authorized to license such a firm.

As you pointed out in your letter, the San Antonio Court of Civil Appeals considered a prior wholesale fish dealers license

statute in the case of State v. San Patricio County Canning Company, 17 S.W.2d 160, (1929). In that case the court said at page 162:

> "The rule is that the courts may not extend or give special significance or an unnecessary or peculiar or strained construction to such plain terms as those employed in order to subject a particular commodity to a tax imposed by the government. The rule is, rather, that in the interpretation of statutes imposing taxes their provision will not be extended by implication beyond the plain import of the language used, nor will their operation be enlarged to apply to subjects not specifically included therein. . . ."

In regard to the application of the "Wholesale Fish Dealer's License" to the present situation. you state that the firms in question are engaged in "selling shrimp exclusively to other wholesale dealers." This being the case, it is clear that such firms are not selling to "Retail Fish Dealers, and/or to Hotels, Restaurants or Cafes and to the Consumer" and are not, therefore, Wholesale Fish Dealers as defined by Article 934a. It is the opinion of this office that the Game and Fish Commission is not authorized to license the firms in question as "Wholesale Fish Dealers." Section 3(g) of Article 4075b, Vernon's Civil Statutes, which is set out above, provides for a license for those who operate a ". . .shrimp house, plant or other establishment for pay. . ." (Emphasis added)

The words "for pay" as used in the statute are not words of art and must be interpreted in their usual meaning. The word "pay" as here used is a noun and defined in Webster's Third International Dictionary as "the act or fact of paying or being paid." This dictionary gives as synonyms the words "Wages, Salary, Remuneration."

We are unable to find any Texas cases defining or interpreting the words "for pay" or "pay." However, the U.S. Circuit Court of Appeals, Sixth Circuit cites the Websters definition with approval in Nierotko v. Social Security Board, 149 F.2d 273 (1945). At page 275 the Court said:

> "Webster's International Dictionary defines 'pay' as 'remuneration, wages, salary' and 'wages' are synonymous with 'pay.'"

A search of Words and Phrases and American Jurisprudence reveals that all courts of other jurisdictions in decisions reported in the above mentioned publications have followed this definition when such

an interpretation was before them.

The previously quoted description of "financial arrangements" of the firms in question clearly indicate that these businesses buy the shrimp outright, thereby taking title, and later sell them to wholesalers. The money earned, if any, by the firms at the end of an operating period is clearly profit and not wages, salary or pay. Therefore, this office is of the opinion that the operations of the firms that you describe do not come within the definition of a "Shrimp House Operator" as set forth in Section 3 (g) of Article 4075 (b) and the Game and Fish Commission is not authorized to license them as such.

## S U M M A R Y

A business firm which purchases shrimp directly from shrimp boats and then sells the shrimp to wholesale dealers is not required to be licensed as a "Wholesale Fish Dealer" or a "Shrimp House Operator." There are no statutes which authorize the licensing by the Game and Fish Commission of a business firm so described.

Yours very truly,

WILL WILSON
Attorney General of Texas

By:

Sam V. Stone, Jr.
Assistant

SVS:zt:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Iola Wilcox
W. O. Shultz
L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore